## Iroquois County v. William A. Viets.

1. CORONERS—*When a Justice of the Peace May Act.*—A coroner is entitled to perform the duties and receive the fees of his office, and it is only in the event of his absence from the county that the statute authorizes a justice of the peace to act in his place.

**Assumpsit,** for fees, etc. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1894. Reversed. Opinion filed May 28, 1895.

W. F. PIERSON, attorney for appellant.

HILSCHER & GOODYEAR, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

William A. Viets was a justice of the peace of Iroquois county, and sued the county for the fees allowed by statute for holding two inquests upon dead bodies. He recovered before a justice, and on appeal the case was tried before the court without a jury upon an agreed state of facts contained in a stipulation of the parties, and there was a finding and judgment for plaintiff for $22 and costs.

The material facts agreed upon were as follows: The inquests were held by plaintiff in the village of Clifton in Iroquois county, and at that time John S. Harwood was acting coroner of that county, and lived at Crescent City in

said county, sixteen miles from Clifton by wagon road, and eighteen miles by the railroad. He was not absent from the county and could and would have held the inquests if notified, but was not notified to attend them or either of them. Plaintiff was a duly elected and qualified justice of the peace of the county, and held the inquests at the request of friends and neighbors of the deceased. The fees amounted to $22, which could not be made out of the estates of deceased, and the claim was made to the county board, and disallowed, before suit was brought.

Whether a justice of the peace may lawfully hold an inquest when the coroner is present in the county and able and willing to hold it if notified, is the subject of controversy between the parties. If plaintiff was not authorized by the statute to hold the inquest, he did not earn the fees fixed by that statute. That matter is regulated by chapter 31, Revised Statutes.

It is there provided that every coroner, whenever and as soon as he knows or is informed that the dead body of any person is found or lying within his county, supposed to have come to his or her death by violence, casualty or any undue means, shall repair to the place where the dead body is and take charge of the same and hold an inquest. The provision under which plaintiff claims is, that, in the absence of the coroner, any justice of the peace of the county knowing or being informed of the finding of the dead body of any person, as aforesaid, shall have the like powers and discharge the same duties as the coroner. It can not be contended that this provision means absence from the spot where the dead body is found. It is expressly made the duty of the coroner to repair to the place, wherever it may be within his county, and hold the inquest. But it is claimed that the term absence means such remoteness from the place for holding the inquest as would cause delay and inconvenience if parties should be compelled to wait until the coroner could comply with the statute by repairing to the place and holding the inquest. It is said that coroners sometimes live at long distances from parts of their counties, so that they can not conveniently attend inquests in such parts. If

that is true, and a coroner can not perform the duties of the office in all parts of the county, the statute provides for the appointment of deputies who may perform them, and it was evidently intended that inquests should be under his control as a rule. Record books are to be furnished to him by the county, wherein he is to keep all the details of inquests and an account of personal effects and property, and its proceeds. Testimony taken is to be reduced to writing and filed in his office, and he is charged with duties in the disposition of the body and of any property found. The records of facts and of his proceedings are necessary and valuable, and it is not to be presumed that it was intended to disregard them, and that he should abandon the duties of the office to a justice of the peace whenever it would be inconvenient to perform them. A rule that a justice might hold an inquest whenever it would be inconvenient to notify the coroner or to wait for his attendance would be too uncertain in its application. How far must the coroner be from the subject of the inquest? What physical conditions must exist? Will it do for the justice to proceed because there is no communication by telephone or telegraph with the coroner or because there is no railroad between the place or no train for several hours? We do not see how there could be any rule of that kind capable of application. We think that a coroner is entitled to perform the duties and receive the fees of his office, and that it is only in the event of his absence from the county that the statute authorizes a justice of the peace to act in his place.

The judgment will therefore be reversed.