[No. 3727.]

THE BOARD OF COUNTY COMMISSIONERS OF RIO GRANDE COUNTY v. WILSON.

CORONERS—AUTHORITY OF JUSTICES OF THE PEACE TO ACT.

Under section 883, Mills' Ann. Stats., any justice of the peace is authorized to perform the duties of coroner within his county in relation to dead bodies when there is no coroner, or when he is absent or unable to act, but to authorize a justice of the peace to act on account of the absence of the coroner, it is not sufficient that he be absent from the immediate vicinity where the body is found; he must be absent from the county. If the coroner is present within the county and able to act, a justice of the peace is not authorized to act as coroner, and is not entitled to recover from the county fees for service as coroner, nor is a physician appointed by the justice of the peace entitled to fees allowed him for making a post mortem examination of the body.

*Error to the County Court of Rio Grande County.*

Mr. C. M. CORLETT and Mr. JESSE STEPHENSON, for plaintiff in error.

No appearance for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This controversy involves the power of a justice of the peace to hold an inquest, acting as coroner, under the following statutory provision:

"When there is no coroner, or in case of his absence or inability to act, any justice of the peace of the same county is authorized to perform the duties of coroner in relation to dead bodies." 1 Mills' Ann. Stats. sec. 883; Gen. Stats. 1883, sec. 628.

Judgment below was rendered for plaintiff upon his motion for a judgment upon the pleadings. The admitted facts are that the plaintiff was a justice of the peace of Rio Grande county, and Dennis J. Gibbs was the duly elected and acting coroner; that at the time this inquest was held, for holding which the defendant in error seeks to recover the statutory compensation provided for such services, Gibbs was absent from the immediate locality in which the inquest was held, but was in the county and at his usual place of residence therein, able and willing to perform his duties as coroner, and would have held this inquest had he received notice that the dead body was found within his county.

Unless the plaintiff was authorized, in the circumstances stated, to hold this inquest, he is not entitled to recover either under the first cause of action set up in the complaint, which was for the fees allowed to the coroner for holding an inquest, or under the second cause of action, duly assigned to plaintiff, which was for the compensation which he allowed to a physician and surgeon for making a scientific examination of the dead body at his direction. In the absence of the statute so declaring, a justice of the peace has no power to perform any of the duties of a coroner; and unless the plaintiff has brought himself within its provisions, his action fails. This statute must have a reasonable construction. The evident intent of the lawmaking power was to provide for a case where the inquest could not be held by a coroner. An inquest must be held in the county where the dead body is found. There are three contingencies, and only three, when a justice of the peace is authorized to act: first when there is no coroner; second, when the coroner is absent; third, when he is unable to act. It is under the second that plaintiff claims this case to fall.

Under other provisions of the statute, whenever the coroner is notified of the finding of a dead body in his county under certain specified conditions, it is made his duty immediately to proceed to view it, and in certain cases to hold an inquest. His jurisdiction is coextensive with the county. In this state he is not limited to the holding of an inquest upon a body found within a specified distance from the place of his residence, as the statutes of some states provide. So long as he is able to act, and is present in the county, there is no reason why he may not perform all of his statutory duties, and in all such cases the holding of inquests is specifically enjoined upon him.

A late case, directly in point, construing a statute authorizing a justice of the peace to hold an inquest "in the absence of the coroner" is *Iroquois County v. Viets*, 59 Ill. App. 175. Speaking to the point before us the court says:

"A rule that a justice might hold an inquest whenever it would be inconvenient to notify the coroner or to wait for his attendance would be too uncertain in its application. How far must the coroner be from the subject of the inquest? What physical conditions must exist? Will it do for the justice to proceed because there is no communication by telephone or telegraph with the coroner or because there is no railroad between the place or no train for several hours? We do not see how there could be any rule of that kind capable of application. We think that a coroner is entitled to perform the duties and receive the fees of his office, and that it is only in the event of his absence from the county that the statute authorizes a justice of the peace to act in his place."

This rule of construction commends itself to us as the correct one. To the same effect, see 5 Ency. of Pl. and Pr. 41, 7 Amer. & Eng. Ency. of Law (2d ed.), 606, *Chadwick v. Errickson*, 40 N. J. Law, 159, and *Ritnauer's Inquest*, 14 Pa. Co. Ct. 46.

The judgment is therefore reversed, and the cause remanded with instructions to the county court to dismiss the action.

*Reversed.*